IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS E. SIMS

        Plaintiff,

v.                                          CASE NO. 5:11-cv-189-RS-EMT

DEPARTMENT OF VETERANS'
AFFAIRS, STATE OF FLORIDA,

        Defendant.
_____/

## ORDER

The relief requested in Defendant's Objection to and Motion to Strike Documents in Plaintiff's Notice of Filing Documents in Opposition to Defendant's Motion for Summary Judgment (Doc. 38) is **DENIED**. First, "[a]n attorney may ethically communicate with a former officer or employee of a corporation on an *ex parte* basis even though the attorney knows that the corporation is represented by counsel." *MCC Mgmt. of Naples v. Arnold & Porter, LLP*, 2009 WL 1514423, at *22 (M.D. Fla. May 29, 2009)(citing *H.B.A. Mgmt. v. Estate of Schwartz*, 693 So.2d 541 (Fla. 1997)).  This rule has two caveats: (1) no inquiry can be made about matters covered by attorney-client privilege and (2) the requirements of Rule 4-4.3 "Dealing with Unrepresented Persons" must be observed.  *Id.* at *23.  Neither caveat is at issue in this case.  Therefore, Mr. Dirmitt's sworn statement shall not be stricken.

Second, the statements of other former FDVA employees are within their personal knowledge under the Federal Rules of Evidence.  Personal knowledge is

established by showing that the witness perceived the matters to which the testimony related.  *See* Fed. R. Evid. 602 and 701.  Opinions and feelings based on personal knowledge and rational perceptions are allowed.  *John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1294 (5th Cir. 1978).

Lastly, Defendant wishes to strike a portion of Plaintiff's affidavit because it conflicts with earlier testimony.  The conflict arises because Plaintiff referred to Ms. Wegst as his "on-site supervisor" in his affidavit, but as the "Administrator of the facility" in his deposition.  When there is contradiction between depositions and affidavits, the court may disregard the conflicting affidavit.  *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987).  However, "[courts] apply this rule sparingly because of the harsh effect this rule may have on a party's case. In addition, we feel that '[t]o allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses….' "  *Id.*  The contradiction in this case is so insignificant that the affidavit will not be stricken.

Defendant also moved to have Plaintiff file the entire transcript from Mr. Dirmitt's statement if the motion to strike was denied.  This motion is **GRANTED**.  Plaintiff shall file the entire transcript not later than January 27, 2012.

**ORDERED** on January 24, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**