IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS E. SIMS

      **Plaintiff,**

v.                                  CASE NO. 5:11-cv-189-RS-EMT

DEPARTMENT OF VETERANS'
AFFAIRS, STATE OF FLORIDA,

      **Defendant.**
_____/

## ORDER

Before me is Defendant's Motion for Summary Judgment (Doc. 22), Plaintiff's Response (Doc. 33), and Defendant's Reply (Doc. 45).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

1

Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff.  *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)).  " 'All reasonable doubts about the facts should be resolved in favor of the non-movant.' "  *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff, a sixty-three year old male, was employed by Defendant, the Department of Veterans Affairs of the State of Florida, from January 2004 to March 2010 as a purchasing agent.  He worked at Clifford Chester Sims nursing home in Springfield, Florida.  Plaintiff was under the chain of command of FDVA's Division of Administration.  Christina Porter was the Division's Director,

and Ken Dirmitt was Plaintiff's direct supervisor. Both were located in Largo, Florida. Renee Claudia Day was the Director of the FDVA Homes Program Division at the nursing home, and Florence Wegst was the home's Administrator. Neither Day not Wegst were Plaintiff's supervisors in his chain of command, but they were the supervisors at the nursing home where Plaintiff worked. Plaintiff believed that Wegst was his on-site supervisor.

It is Plaintiff's contention that Wegst was hostile towards him throughout his employment because of his gender and age. Plaintiff alleges that Wegst treated males poorly. According to Plaintiff, Wegst made derogatory comments about men such as "men are stupid and that's why I don't have one," "that stupid man," and "you men." (Doc. 33). Wegst also commented on Plaintiff's age by telling him that he was getting old, making comments about his gray hair, and saying that he needed to get on the Alzheimer's ward. *Id*.

In July 2009, Defendant enacted a meal plan that allowed employees and residents' families to purchase food made by the nursing home staff. According to the policy, if an employee wished to eat the food, it would have to be purchased for $3.50 per plate and $0.50 for a cup of soup. In January 2010, the dietary department held a staff meeting, with Wegst in attendance, where it was reported that some employees, including Plaintiff, were getting food without paying for it.

Plaintiff argues that he only received leftover food from the kitchen and never asked for it. He also states that it was a common occurrence for food leftovers to be eaten by the employees and staff without purchase. A few employees of the nursing home estimated that eighty-five to ninety percent of the staff received free food from the kitchen.

Based on the report from the staff meeting, Wegst initiated an Inspector General ("IG") investigation against Plaintiff. As a result of the investigation, Wegst gave Plaintiff a termination letter signed by Earl Daniell, the Chief of Staff at the nursing home. After receiving the letter, Plaintiff spoke to Dirmitt, his supervisor, who was unaware of Plaintiff's termination. Dirmitt made it possible for Plaintiff to resign instead of being terminated. Plaintiff resigned on March 15, 2010. Several other employees were investigated for food theft, but Plaintiff was the only person terminated. The others were simply reprimanded.

### III. ANALYSIS

"To make out a prima facie case of age [and gender] discrimination, a plaintiff must demonstrate 'facts sufficient for a reasonable jury to infer that discrimination has occurred.' Such an inference is generally established by proving that the plaintiff 1) belongs to the statutorily protected [] group; 2) was qualified for the job; 3) was discharged; and 4) was replaced by a person outside the protected [] group." *Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221,

1223-24 (11th Cir. 1982)(internal citation omitted).  To survive a motion for summary judgment, plaintiff must show either (1) direct evidence of discriminatory intent, (2) circumstantial evidence that complies with the test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or (3) presenting a statistical pattern of discrimination.  *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997); *Miles v. M.N.C. Corp.*, 750 F.2d 867, 872-73 (11th Cir. 1985).

Plaintiff argues that there is enough direct and/or circumstantial evidence to create a genuine issue of material fact.  Direct evidence is evidence that "if believed, proves existence of [a] fact in issue without inference or presumption." *Burrell v. Bd. Of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393 (11th Cir. 1997)(citations omitted).  The Eleventh Circuit has held that statements such as "[w]e can't have women in management," "no woman would be named to a B scheduled job," and "a woman was not competent enough to do this job" all constituted direct evidence.  *Senello v. Reserve Life Ins. Co.,* 872 F.2d 393, 394 (11th Cir. 1989); *Burns v. Gadsden State Cmty. Coll.* 908 F.2d 1512, 1518 (11th Cir. 1990);  *Haynes v. W.C. Caye & Co.,* 52 F.3d 928, 930 (11th Cir. 1995).  If Plaintiff proves discrimination by direct evidence, then the employer must prove that it would have terminated the Plaintiff absent discriminatory animus.  *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1331 (11th Cir. 1998).

According to Plaintiff, Wegst continually made disparaging statements about his gender and age constituting direct evidence. Wegst would say statements such as "men are stupid and that's why I don't have one," "that stupid man," and "you men." (Doc. 33). Wegst also commented on Plaintiff's age by telling him that he was getting old, making comments about his gray hair, and saying that he needed to get on the Alzheimer's ward. *Id.*

Circumstantial evidence must create an inference of discrimination through his *prima facie* case. *McDonnell Douglas Corp.,* 411 U.S. at 802. If Plaintiff creates this inference, then the burden shifts to the employer to show a non-discriminatory basis for the termination. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the employer meets its burden, then the Plaintiff has the opportunity to show that the proffered non-discriminatory basis was pretextual. *Id.*

The Eleventh Circuit has held that age disparities between the Plaintiff and his replacement of as little of three years can support an inference of age discrimination. *Carter v. DecisionOne Corp.,* 122 F.3d 997, 1003-04 (11th Cir. 1997). In this case, Plaintiff was replaced by forty-one-year-old Timothy Shaw, who is twenty-one years younger than Plaintiff. (Doc. 23-6). This age difference can create an inference of discrimination. Additionally, Plaintiff believes that the

comments made by Wegst regarding his age and gender constitute circumstantial evidence of discrimination.

The Eleventh Circuit has also held that "a plaintiff fired for misconduct makes out a prima facie case of discriminatory discharge if he shows that … the misconduct for which he was discharged was nearly identical to that engaged in by an employee outside the protected class whom the employer retained." *Nix v. WLCY Radio/Rahall Commc'n,* 738 F.2d 1181, 1185 (11th Cir. 1984)(internal citations omitted).  Three younger female kitchen workers also underwent IG investigations regarding the food at the nursing home.  (Doc. 23-6).  Christina Fosbinder, Pamela Roulhac, and Lesa McKenney were twenty-one, fifteen, and twelve years younger than Plaintiff.  *Id.*  They were only given written reprimands.  *Id.*

Defendant refutes Plaintiffs arguments by arguing that Wegst and the other employees punished less severely were not within the same chain of command, and therefore, Wegst cannot be responsible for discrimination and the other employees are not comparators.  Plaintiff believes that Defendant is liable under a cat's paw theory for Wegst's discriminatory animus towards him.  "Animus and responsibility for the adverse action can be attributed to the earlier agent if … the adverse action is the intended consequence of that agent's discriminatory conduct." *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (2011).  In cat's paw cases, courts

have "looked beyond the formal structure of the decisionmaking process and held that defendant companies are liable for the invidious bias of the de facto decisionmaker." *Bernstein v. Sephora*, 182 F.Supp. 2d 1214, 1218 (S.D. Fla. 2002)(citing *Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1249 (11th Cir. 1998)). Although Wegst was not within Plaintiff's chain of command, she wrote to the Inspector General and recommended termination for Plaintiff and not any of the other six employees named in the email. (Doc. 31-10). Although formally she might not have been Plaintiff's supervisor, Wegst certainly acted like it.

Defendant contends that because there was an independent investigation, Wegst's discriminatory animus cannot be imputed to the company. According to *Staub*:

> We are aware of no principle in tort or agency law under which an employer's mere conduct of an independent investigation has a claim-preclusive effect. Nor do we think that independent investigation somehow relieves the employer of "fault." The employer is at fault because one of its agents committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision.
> …
> We therefore hold that if a supervisor performs an act motivated by [] animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable….

*Staub,* 131 S. Ct. at 1193-94. Therefore, an independent investigation does not automatically cut off liability for the Defendant. Wegst started the IG investigation and recommended termination of the Plaintiff, but not other employees who were

8

accused of food theft.  There is a genuine issue of material fact as to whether Wegst's actions were the proximate cause of Plaintiff's termination.

Defendant also argues that terminating Plaintiff for food theft was a non-discriminatory reason so it is not liable for age or gender discrimination.  However, Plaintiff claims the food theft is pretextual.  "When pretext is the issue… we 'must evaluate whether the plaintiff has demonstrates such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.' " *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 892 (11th Cir. 2011)(quoting *Combs v. Plantation Patterns,* 106 F.3d 1519, 1538 (11th Cir. 1997)).  Plaintiff's evidence that several other employees participated in the same behavior as he did and were only reprimanded rather than terminated creates a genuine issue of material fact as to whether the termination was pretextual.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 22) is **DENIED**.

**ORDERED** on February 17, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**